UNITED STATES of America,
Appellee,

v.

Eugenio SOSA–SANTANA, also known
as Gallego, Defendant,

Leocadio Benito Duran, also known as
Benito, Defendant–Appellant.

No. 03–1139.

United States Court of Appeals,
Second Circuit.

Feb. 26, 2004.

B. Alan Seidler, New York, NY, for Appellant.

Jeffrey A. Udell, Assistant United States Attorney for the Southern District of New York, for Appellee.

Present: JACOBS, SACK, and RAGGI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that this appeal be **DISMISSED.**

Defendant–Appellant Leocadio Benito Duran ("Duran") appeals from his conviction, following a guilty plea in the United States District Court for the Southern District of New York, for conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. Duran is serving a ten-year sentence pursuant to a plea agreement in which he waived any right to appeal a sentence within a stipulated range of 120 to 135 months. The sentence imposed by the

district court falls within the stipulated range, and Duran's plea agreement is otherwise enforceable; he has thus waived any right to challenge his sentence and his appeal is dismissible.

A sentencing appeal may be taken notwithstanding a waiver if the challenged sentence was imposed on the basis of a constitutionally impermissible factor. *See United States v. Jacobson,* 15 F.3d 19, 23 (2d Cir.1994); *see also United States v. Johnson,* 347 F.3d 412, 415 (2d Cir.2003). Duran's sole contention on appeal is that a misstatement of law made by the district court at a conference two weeks prior to Duran's sentencing dissuaded him from pursuing a motion to compel the government to file a "substantial assistance" letter pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 5K1.1. At the conference, during colloquy on Duran's assertion that he was entitled to a § 5K1.1 letter, Judge Duffy stated that, if the government filed such letter, the court would have the authority to depart upward. Duran argues that this observation intimidated him from pursuing the § 5K1.1 letter and thus denied him due process.

In light of Duran's waiver, we cannot reach the merits of this appeal unless there is some basis to conclude that Duran's sentence was grounded in an unconstitutional consideration. *See Jacobson,* 15 F.3d at 23; *Johnson,* 347 F.3d at 414–15. No such basis exists here. Judge Duffy's statement was mistaken, but he offered to hold a hearing on Duran's motion. Moreover, since pursuit of the letter would violate Duran's plea agreement, it was indeed so that Duran risked a substantial upward adjustment in the applicable sentencing range if the hearing did not go his way, *e.g.,* if the court found Duran not credible. Duran had two weeks to consider his options and elected to withdraw his motion to compel. At no time prior to sentencing did Duran object to Judge Duffy's mis-

statement or seek to correct the misimpression; nor did Duran cite the court's comment as a ground for withdrawing the motion. (Duran told the district court that he withdrew the motion out of remorse, and a desire to "get on with his life.") And the ten-year sentence imposed is the shortest term contemplated by the plea agreement.

On these facts, there is no indication that Duran's sentence was the product of an unconstitutional consideration, or was in any way affected by Judge Duffy's misstatement made weeks before the sentence was imposed. The appeal waiver in his plea agreement is enforceable.

For the reasons set forth above, Duran's appeal is hereby **DISMISSED.**